

|  |  |
|---|---|
| **Christopher Adams**<br>Partner<br>T. 973-639-2059<br>F. 973-624-7070<br>cadams@mccarter.com | McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4056<br>www.mccarter.com |

VIA PACER/ECF

January 9, 2026

Hon. Michael A. Shipp, U.S.D.J.
United States District Court, DNJ
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>  Re:   *United States v. Enrico (Rick) Cifelli and Michelle Bocchieri*
>         *Crim. No. 3:22-cr-00172 (MAS)*

Dear Judge Shipp:

  The undersigned separately represents Defendants Enrico Cifelli ("Mr. Cifelli") and Michelle Bocchieri ("Ms. Bocchieri") (collectively, "Defendants") in the above-captioned matter. As the Court is aware, Defendants were indicted in 2022 by a federal grand jury on various tax- and property-related crimes.[1] Trial was originally scheduled to begin with jury selection on January 12, 2026; however, following motion practice regarding Alina Habba ("Habba"), the former Interim United States Attorney for the District of New Jersey, trial was adjourned to a date yet to be determined by the Court.

  The undersigned respectfully submits this joint Letter Brief in lieu of a more formal submission on behalf of Mr. Cifelli and Ms. Bocchieri to challenge the current leadership structure of the United States Attorney's Office for the District of New Jersey. Defendants' due process rights have been and continue to be violated under the current structure. As it stands, the only lawful United States Attorney for the District of New Jersey is the person appointed by the District Judges pursuant to 28 U.S.C. § 546(d). The triad appointed by Attorney General Pamela Bondi (the "Attorney General") are unlawfully serving as the United States Attorneys for the District of New Jersey. As such, there is no lawful

---

[1] To be clear, Ms. Bocchieri was only indicted for tax related crimes.

ME1\59592260.v1

prosecutor to prosecute Defendants for their alleged crimes. For the reasons that follow, the Court should disqualify the United States Attorney's Office from prosecuting Mr. Cifelli and Ms. Bocchieri.

## STATEMENT OF RELEVANT FACTS

On March 3, 2022, Defendants were indicted on several counts related to alleged conduct between 2012 and 2017 that arose from a certain property transaction in New Jersey. (ECF No. 1.) Mr. Cifelli was indicted on seven counts and Ms. Bocchieri was indicted on one count. On April 28, 2022, Defendants were indicted by way of a superseding indictment related to the same. (ECF No. 19.) Mr. Cifelli was indicted on seven counts and Ms. Bocchieri was indicted on two counts. On May 11, 2022, Defendants pled not guilty to their respective counts in the Superseding Indictment. (ECF No. 21.) On April 13, 2025, Matthew Belgiovine ("AUSA Belgiovine"), Assistant United States Attorney, entered his appearance on behalf of the United States of America. Also representing the United States of America in this matter is Elisa T. Wiygul ("AUSA Wiygul").

Notably, and relevant here, a brief summary of the facts leading to Habba's resignation is warranted. On March 3, 2025, after Philip Sellinger's resignation, John Giordano ("Giordano") was appointed Interim United States Attorney by the Attorney General.[2] Shortly thereafter, on March 28, 2025, the Attorney General appointed Habba as Interim United States Attorney. President Donald J. Trump later formally nominated Habba to the position. Habba was never confirmed by the Senate. Habba's appointment ended 120 days after the appointment of Giordano on July 1, 2025 pursuant to 28 U.S.C.

---

[2] Vikas Khanna, the First Assistant to Philip Sellinger, became the Acting United States Attorney on January 8, 2025, upon Philip Sellinger's resignation.

§ 546(c)(2).³ *United States v. Giraud*, 160 F.4th 390, 395 (3d Cir. 2025).  On July 22, 2025, pursuant to 28 U.S.C. § 546(d),⁴ the United States District Court for the District of New Jersey appointed Desiree Grace ("Ms. Grace") as United States Attorney.  That same day, the Attorney General unlawfully fired Ms. Grace.  On July 24, 2025, the President withdrew Habba's nomination and the Attorney General named her Special Attorney and First Assistant United States Attorney.  Later on July 26, 2025, President Trump terminated Mr. Grace from her position, whereby Habba unlawfully acquired the position of United States Attorney for the District of New Jersey.

Thereafter, Habba continued to act as the Acting United States Attorney for the District of New Jersey.  Specifically,

> the Trump administration took several steps [to keep Habba in office]: (1) the President withdrew Habba's nomination for U.S. Attorney; (2) Habba resigned as Interim U.S. Attorney; (3) the Attorney General issued an order appointing Habba as "Special Attorney" to the Attorney General, accompanied by a letter authorizing Habba to conduct "any kind of legal proceedings . . . which United States Attorneys are authorized to conduct" pursuant to 28 U.S.C. § 515 . . . and (4) in the same order, the Attorney General also designated Habba as First Assistant U.S. Attorney, which purported to mean that Habba automatically became Acting U.S. Attorney pursuant to the [Federal Vacancies Reform Act], 5 U.S.C. § 3345(a)(1) [due to the vacancy].

*Giraud*, 160 F.4th at 395–96 (citation omitted).  Criminal defendants across the District subsequently challenged Habba's authority, as well as that of those acting on her behalf.

---

³ 28 U.S.C. § 546(c)(2) provides that "[a] person appointed as United States attorney under this section may serve until the earlier of—(2) the expiration of 120 days after appointment by the Attorney General under this section."
⁴ 28 U.S.C. § 546(d) provides that "[i]f an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled."

On August 21, 2025, Chief Judge Matthrew W. Brann of the United States District Court for the Middle District of Pennsylvania entered an order disqualifying Habba from prosecuting Julien Giraud Jr. and Cesar Pina and invalidating Habba's authority as United States Attorney. *United States v. Giraud*, 795 F. Supp. 3d 560, 567 (D.N.J. 2025). The Court also stayed its order pending resolution of any appellate proceedings. *Id.*

On December 1, 2025, the United States Court of Appeals for the Third Circuit rejected the Executive Branch's attempt to install Habba as United States Attorney and affirmed this Judge Brann's order disqualifying Habba and those acting pursuant to her authority or under her supervision. *Giraud*, 160 F.4th at 393. Habba resigned from her post seven days following the Third Circuit's decision. Thereafter, rather than appoint a duly-authorized United States Attorney, the Attorney General named Habba as a Senior Advisor to the Attorney General and appointed a panel of three lawyers to lead the United States Attorney's Office for the District of New Jersey. In a press release from December 8, 2025, the Department of Justice named Philip Lamparello ("Mr. Lamparello")—a recent hire by Habba—to serve as Senior Counsel "authorized to supervise or conduct the work of the district's Criminal Division and Special Prosecutions Division"; Jordan Fox ("Ms. Fox")—an Associate Deputy to the United States Deputy Attorney General Todd Blanche ("Blanche"), who is only four years out of law school—to serve as Special Attorney "authorized to supervise or conduct the work of the district's Civil Division and Appellate Division"; and Ari Fontecchio ("Mr. Fontecchio")—a prior counselor to former Attorney General Merrick Garland and Assistant United States Attorney in this District—to serve as

4

Executive Assistant "authorized to supervise or conduct the work of the district's Administrative Division."[5]

These efforts by the Department of Justice and Attorney General are unconstitutional as they blatantly circumvent and ignore the Constitution's carefully crafted checks and balances between co-equal branches of government. As such, Mr. Lamparello, Ms. Fox, and Mr. Fontecchio are unlawfully serving as the *de facto* United States Attorneys for the District of New Jersey. The Attorney General's efforts to circumvent the Constitution and federal statutes violate Defendants' due process rights. The Attorney General does not have the authority to designate anyone she wishes to function as the *de facto* United States Attorney/s for the District of New Jersey. The appointment of a lawful United States Attorney is governed by the Constitution and federal statute and is protected by the system of checks and balances that protects people like Mr. Cifelli and Ms. Bocchieri. The Court should grant this Motion and end the Attorney General's weaponization and mockery of the District of New Jersey.

## LEGAL ARGUMENT

Mr. Cifelli and Ms. Bocchieri, along with every other criminal defendant and citizen of this State, deserves "clarity and stability." *Giraud*, 160 F.4th at 393. The current structure of the United States Attorney's Office does not provide that "clarity and stability" and instead harms constitutional rights at the core of this Country's principles. As such, the Court should disqualify the United States Attorney's Office from prosecuting Mr. Cifelli

---

[5] Press Release, Office of Public Affairs, United States Department of Justice, Department of Justice Leadership Announces New Personnel Appointments and Authorizations in the District of New Jersey (Dec. 8, 2025), https://www.justice.gov/opa/pr/department-justice-leadership-announces-new-personnel-appointments-and-authorizations.

and Ms. Bocchieri because the three-lawyer panel currently in charge of the Office is (1) unlawful; (2) violates (a) the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. II, (b) the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345, *et seq.*, and (c) statutes governing the United States Attorney appointment process; and (3) represents an unconstitutional delegation by the Attorney General.  Mr. Lamparello, Ms. Fox, and Mr. Fontecchio are thus unconstitutionally acting as *de facto* United States Attorneys for the District of New Jersey and infringing on Mr. Cifelli's constitutional rights.

**I.      The Department of Justice's Delegation of three *De Facto* United States Attorneys is Unconstitutional and Violates the Appointments Clause, Federal Vacancies Reform Act, and 28 U.S.C. § 546**

As an initial matter, Defendants adopt the arguments made in Mr. Cifelli's earlier motion to disqualify Habba and those acting on her behalf.  (ECF Nos. 60, 61.)  As the Government itself conceded, there is no practical difference between one person acting with limitless delegation and multiple people doing so.  Appellant's Brief, *United States v. Giraud*, 25-2635 (3d Cir. Sept. 12, 2025), ECF Doc. 25 at 53.  In addition to those arguments, the Department of Justice and Attorney General cannot lawfully delegate three attorneys to lead the United States Attorney's Office indefinitely.  In essence, the Government has delegated all duties of the United States Attorney to a triad of lawyers, thereby avoiding the framework set out by Congress and the Framers for nominating a United States Attorney.  Mr. Lamparello, Ms. Fox, and Mr. Fontecchio are thus not validly authorized, under the Constitution and federal statutes, to exercise the authority of the Office in any capacity.  This is so because "United States Attorneys get their authority directly from Congress, not by delegation from the Attorney General." *Thomas v. INS*, 35 F.3d 1332, 1338 (9th Cir. 1994).  Accordingly, despite the Executive Branch's attempts, the

position of United States Attorney for the District of New Jersey belongs to the person the District Court selected pursuant to their authority set forth in 28 U.S.C. § 546.

### A. The Appointments Clause

The "Constitution requires that 'Officers of the United States' be nominated by the President and confirmed by the Senate." *Giraud*, 160 F.4th at 393 (quoting U.S. Const. art. II, § 2, cl. II). Accordingly, "Congress . . . require[s] the appointment of U.S. Attorneys to follow the [Presidential appointment and Senate confirmation ("PAS")] process." *Id.* "While the Attorney General is the head of the Department of Justice, 28 U.S.C. § 503, the United States Attorney is the head federal prosecutor in his or her judicial district, 28 U.S.C. § 541(a)." *United States v. Mambasse Koulabalo Patara*, 365 F. Supp. 3d 1085, 1092 (S.D. Cal. 2019). The President may delegate power to the Attorney General, but the United States Attorney, as a PAS position, requires just that: Presidential appointment and Senate confirmation. Delegation by the Attorney General for an indefinite period of time violates the PAS process and the Appointments Clause of the Constitution. *See N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 293, (2017) (noting that the President is authorized "to direct certain officials to *temporarily* carry out the duties of a vacant PAS office in an acting capacity, without Senate confirmation") (emphasis added).

Defendants recognize that there are exceptions that provide for interim service and Attorney General delegation that do not violate the Appointments Clause. That service, however, must be for a limited time and under temporary conditions. *See id.* The Department of Justice's order—on behalf of the Attorney General—simply delegates *all* of the powers of United States Attorney for the District of New Jersey to three lawyers for an indefinite time period with no limitations to their power. This delegation is precisely what *Giraud* invalidates, what the Framers' feared, and what Congress sought to protect against.

7

The Attorney General's conduct thus "avoid[s] the gauntlet of presidential appointment and Senate confirmation" and allows "the *de facto* U.S. Attorney [to serve] indefinitely." *Giraud*, 160 F.4th at 403. Such conduct is unconstitutional and violates Mr. Cifelli's constitutional rights.

### B. The Federal Vacancies Reform Act

Moreover, in addition to violating the Appointments Clause, the Executive Branch's attempt to install a triad of *de facto* United States Attorneys circumvents the framework of the Federal Vacancies Reform Act and essentially voids that statute entirely. The FVRA "is the exclusive means for temporarily authorizing an acting official to perform the functions and duties" of a PAS position. *Giraud*, 160 F.4th at 394 (citing *id.* § 3347(a)). The FVRA, thus, essentially codified the Appointments Clause and protects the separations of powers doctrine which forms the very foundation of this Country. Nowhere in the FVRA does Congress allow for a three-headed management structure of the United States Attorney's Office for an indefinite period of time.[6] To the contrary, the clear and unambiguous statutory language sets forth the framework for who can lawfully possess the United States Attorney position.

Likewise, the Attorney General's delegation of United States Attorney to a three-lawyer panel circumvents the FVRA's exclusivity provision and effectively allows the Attorney General or Department of Justice to fill the United States Attorney role indefinitely when the President and the Senate fail to act—something Congress expressly

---

[6] The FVRA also provides that "[i]f an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, re-signs, or is otherwise unable to perform the functions and duties of the office, . . . the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. §§ 3345(a), (a)(1). Currently, there is no First Assistant and this provision does not apply.

sought to prevent by, for example, giving the district judges the power to select a United States Attorney after 120 days, 28 U.S.C. § 546(d), and by limiting the power of delegation to 210 days in the FVRA, 5 U.S.C. § 3346.  The very existence of the FVRA and specifically the time limitations therein demonstrate Congress's intent to have the President appoint a nominee who is later confirmed by the Senate.  This framework exists so that the Executive Branch's power to appoint is not unlimited or unchecked.  The current structure of the United States Attorney's Office for the District of New Jersey therefore is incompatible with clear Congressional mandates and violates Defendants' constitutional rights.

        **C.**     **28 U.S.C. § 546**

Finally, the Attorney General's attempt to delegate the powers of United States Attorney to three lawyers violates 28 U.S.C. § 546.  As stated above, Congress has required the appointment of United States Attorneys to follow the PAS process.  28 U.S.C. § 541(a); *see also United States v. Arthrex, Inc.*, 594 U.S. 1, 12 (2021) (noting that the default method of appointment for principal and inferior officers is the PAS process).  28 U.S.C. § 546(a) sets forth the procedure for filling a vacant United States Attorney position: "[T]he Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant."  28 U.S.C. § 546(a).  As the Third Circuit made clear,

> [a]n interim U.S. Attorney appointed this way may not be someone whose nomination the Senate previously rejected, but the Attorney General otherwise has ample discretion in her choice.  However, an interim selection under § 546 is subject to a shorter 120-day time limit.  After 120 days, the district court for such district may appoint a United States attorney to serve until the vacancy is filled.

*Giraud*, 160 F.4th at 395 (citations and quotation marks omitted).  The Attorney General already appointed Giordano and Habba, both of whom are no longer in office.  The 120-day

9

time limitation in 28 U.S.C. § 546 confirms Congress's explicit requirement that an interim United States Attorney be confirmed within 120 days. After that period, the exclusive authority to appoint an interim United States Attorney belongs to the district court judges who have been nominated by the President and confirmed by the Senate. This mandate exists to guarantee a meaningful check on the powers of the Executive Branch. As indicated by this statute, the Executive Branch cannot direct the functions of a United States Attorney's Office without a co-equal branch of government's confirmation. There must either be Senate confirmation of the President's nomination or there must be a selection from the judicial branch.

In other words, 28 U.S.C. § 546 makes clear that the appointment power (1) shifts to the district court after the 120-day period, and (2) does not revert to the Attorney General if a court-appointed United States Attorney leaves office before a Senate-confirmed United States Attorney is installed. *United States v. James*, 2025 WL 3266931, at *5 (E.D. Va. Nov. 24, 2025). Congress thus contemplated the scenario when the PAS process fails. In such a case, the power lies with the district court and cannot be circumvented through the Attorney General's permanent appointment of three-lawyers, as is the case here. If 28 U.S.C. § 546(d) is ignored—which the Executive Branch is doing—the separation of powers doctrine that sets forth *co-equal* branches of government ceases to exist. "The power to appoint an interim U.S. Attorney . . . pursuant to 28 U.S.C. § 546 during the current vacancy lies with the district court until a U.S. Attorney is nominated by the President and confirmed by the Senate under 28 U.S.C. § 541." *James*, 2025 WL 3266931, at *13. At this juncture, following the District Court's action on July 22, 2025, the only lawful way to replace the District Court's selection is for the President to appoint a qualified candidate who the Senate confirms. Accordingly, the Attorney General's attempt to appoint

a three-lawyer panel to control the United States Attorney's Office runs afoul of Congress's clear mandate in 28 U.S.C. §§ 541 and 546.

Undisputedly, the Attorney General has broad delegation authority. *See Giraud*, 160 F.4th at 395. But that delegation authority under 28 U.S.C. §§ 509 and 510 cannot be general or unlimited in time. The delegation authority acts as a temporary placeholder for the PAS position when there is a necessity to fill that void. As set forth in *Giraud*, "general vesting and delegation statutes may not be used to 'temporarily authoriz[e] an acting individual to perform the functions and duties' of a PAS office" like the United States Attorney. *Giraud*, 160 F.4th at 395 (quoting 5 U.S.C. § 3347(a)).

In sum, the Attorney General's Order naming Mr. Lamparello, Ms. Fox, and Mr. Fontecchio as the collective acting United States Attorneys for the District of New Jersey commits the same facial and fundamental errors as it did with Habba's appointment but in triplicate. Rather than use these constitutional and statutory options, the Government has simply replaced one unconfirmed individual with three. The current delegation and division of authority among three attorneys (one of whom is not even an Assistant United States Attorney in the District of New Jersey) is yet another effort to circumvent the congressionally enacted statutes governing how a United States Attorney vacancy must be filled.

Therefore, Mr. Lamparello, Ms. Fox, and Mr. Fontecchio must be disqualified from supervising Defendants' prosecutions as must any Assistant United States Attorney acting pursuant to their authority or under their supervision individually or collectively in the guise of the Executive Office. Mr. Lamparello, Ms. Fox, and Mr. Fontecchio are, like Habba was, exercising their functions as United States Attorney for the District of New Jersey "without lawful authority." Any such action made by them or anyone on their behalf

11

should "be declared void." *See Giraud*, 795 F. Supp. 3d at 595 (noting that "Ms. Habba has been delegated all of the powers of the United States Attorney [despite being labeled a Special Attorney] and is [unconstitutionally] acting on a level equal to one holding the office in a PAS capacity"). The Court should therefore grant this Motion and disqualify the United States Attorney's Office from prosecuting Defendants.

**II    The Government is Judicially Estopped from Raising Any Argument That Permits Dispersed Delegation**

The Court should grant this Motion for an independent reason: the Government's arguments are barred by judicial estoppel. In *Giraud*, Judge Brann noted that

> [t]he upshot of th[e] scheme [described above] is that, once FVRA and position-specific temporary appointments statutes have been exhausted, no one may hold the vacant office in any capacity, and only the department head may perform the exclusive and nondelegable duties of that office. If anyone else performs such duties, those actions are forever void.

*Giraud*, 795 F. Supp. 3d at 600. "As to the vacant office's nonexclusive and delegable duties . . . they may not all be vested in a single person through delegation." *Id.* On appeal, in response to the District Court's assertion regarding single person delegation, the Third Circuit explained that "[t]he Government is dismissive of this view, claiming that delegation to multiple individuals rather than one results in a 'reductio ad absurdum.'" *Giraud*, 160 F.4th at 406 (citing Appellant's Br. 45). The Third Circuit observed that "it is possible a more dispersed delegation of authority might not create a *de facto* U.S. Attorney and therefore might not run afoul of the FVRA's exclusivity provision." *Id.*

Here, however, by delegating the United States Attorney power to three-lawyers, the Attorney General has in effect created three *de facto* United States Attorneys, which runs afoul of the FVRA. Shockingly, the Government defends its current configuration

12

notwithstanding that it originally acknowledged that "delegation to multiple individuals rather than one results in 'reductio ad absurdum.'" The Government has thus conceded that dispersed delegation is illogical, absurd, and contradictory to federal law. However, on December 8, 2025, the Attorney General did just that and created more chaos in the process. This Court should judicially estop the Government from trying to take advantage of a position that it previously explicitly rejected as absurd and that it asserted did not make a material difference.

Alternatively, the Government has waived any argument that an "Executive Office" by way of dispersed delegation could function as a *de facto* United States Attorney or otherwise avoid the Appointments Clause and the corresponding statutes codifying it. Accordingly, on this basis alone, the Court should grant this Motion.

### III. Continued Supervision Over Defendants' Prosecutions Violates the Separation of Powers Doctrine

In addition to the above, the framework of the Appointments Clause, the FVRA, and other statutes is "designed to carefully balance the separation of powers and prevent 'one branch's aggrandizing its power at the expense of another branch' while at the same time ensuring that the work of Government gets done." *Giraud*, 795 F. Supp. 3d at 574 (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878 (1991)). The Appointments Clause, for example, embodies two fundamental principles inherent to our form of Government: separation of powers and checks and balances. While the President has the exclusive power to nominate and appoint principal officers such as United States Attorneys, that power is checked by the requirement that the Senate consent to any such appointment. The Attorney General is effectively ignoring the PAS process by naming three-attorneys to lead the United States Attorney's Office without Senate confirmation.

Moreover, the Attorney General has violated the separation of powers doctrine by ignoring the decision of the District Judges—who represent another co-equal branch of Government. *See* 28 U.S.C. § 546(d). Accordingly, for the same reasons expressed above, the current structure of the United States Attorney's Office violates the separation of powers doctrine.

### IV. The Current Structure of the United States Attorney's Office Violates Defendants' Due Process Rights

Lastly, the current structure of the United States Attorney's Office and its continued supervision over Defendants' prosecutions violates Defendants' due process rights, including the right to be prosecuted only by a validly authorized United States Attorney, and the right to a speedy trial. Not only does the current structure impede and undermine Defendants' due process rights, as indicated by the presence of unlawful United States Attorneys, but the Assistant United States Attorney's alleged supervision by Blanche—as indicated by his name on various submissions to the Court and the undersigned—also violates Defendants' fundamental due process rights. As a final point, Mr. Cifelli's right to a speedy trial under the Speedy Trial Act is being impacted simply because the Government is doing a work-around and about-face of clear and unambiguous Constitutional and statutory text. Defendants are ready to defend their innocence and to have their day in court, but the Executive Branch has made it impossible for them to do so because Defendants continue to face an illegitimate office. The circus must end.

### CONCLUSION

The bottom line is that the United States Attorney's Office for the District of New Jersey continues to operate in circumvention of validly enacted legislation outlining the filling of federal vacancies. The current structure, the very structure dismissed by the Government in its own unsuccessful appeal, is another attempted end around the

Appointments Clause and the FVRA. Defendants here—like all criminal defendants and citizens of New Jersey—need stability and clarity, which the FVRA and 28 U.S.C. § 546 provide. Based on the current set of facts, 28 U.S.C. § 546(d) or the President's nomination and Senate confirmation are the only lawful ways for there to be an active United States Attorney.

For the foregoing reasons, the Court should grant this Motion and disqualify the United States Attorney's Office from prosecuting Mr. Cifelli and Ms. Bocchieri.

Respectfully submitted,

s/ *Christopher D. Adams*
Christopher D. Adams
*Attorney for Defendant Enrico (Rick) Cifelli*


s/ *Kevin Arthur Buchan*
Kevin Arthur Buchan
*Attorney for Defendant Michelle Bocchieri*
